# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 22-298V

| | | |
|---|---|---|
| MARIA KABAYAN, | * | Chief Special Master Corcoran |
| Petitioner, | * | Filed: October 2, 2023 |
| v. | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | |
| Respondent. | * | |

*Jessi C. Huff*, Maglio Christopher & Toale, Seattle, WA, for Petitioner.

*Bridget Corridon*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION GRANTING IN PART MOTION FOR ATTORNEY'S FEES AND COSTS[1]

On March 15, 2022, Maria Kabayan filed a petition for compensation under the National Vaccine and Injury Compensation Program (the "Vaccine Program").[2] Petition (ECF No. 1) ("Pet."). Petitioner alleged that she developed pemphigus vulgaris ("PV") from a human papillomavirus vaccine she received on May 20, 2019. Pet. at ¶¶ 1, 12, 15. However, on June 12, 2023, Petitioner moved for a Decision Dismissing the Petition, and on June 14, 2023, I granted Petitioner's motion. Decision, dated June 14, 2023 (ECF No. 24) ("Decision").

Petitioner has now filed a motion for a final award of attorney's fees and costs. Motion, dated Sept. 11, 2023 (ECF No. 28) ("Mot."). Petitioner requests a total of $67,113.84, reflecting $58,651.00 in fees incurred for the services of Ms. Huff and paralegals at the law firm of Maglio

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to Section 300aa of the Act (but will omit the statutory prefix).

Christopher & Toale ("MCT"), plus $8,462.84 in costs. Mot. at 1–2. Respondent reacted to the fees request on September 19, 2023. Response, dated Sept. 19, 2023 (ECF No. 30) ("Resp."). Respondent agrees that Petitioner has satisfied the statutory requirements for a fees award, and otherwise defers the calculation of the amount to be awarded to my discretion. Resp. at 2–3. Petitioner also filed a reply further supporting her request. *See* Reply, dated Sept. 19, 2023 (ECF No. 31).

For the reasons set forth below, I hereby **GRANT IN PART** Petitioner's motion, awarding fees and costs in the total amount of **$65,863.84**.

## ANALYSIS

### I. Petitioner's Claim had Reasonable Basis

Although the Vaccine Act only guarantees a fees award to successful petitioners, a special master may also award fees and costs in an unsuccessful case if: (1) the "petition was brought in good faith"; and (2) "there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See, e.g.*, *Sterling v. Sec'y of Health & Hum. Servs.*, No. 16-551V, 2020 WL 549443, at *4 (Fed. Cl. Spec. Mstr. Jan. 3, 2020). Importantly, establishing reasonable basis does not *automatically* entitle an unsuccessful claimant to fees, but is instead a threshold obligation; fees can still thereafter be limited, if unreasonable, or even denied entirely.

A claim's reasonable basis[3] must be demonstrated through some objective evidentiary showing. *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) (citing *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017)). This objective inquiry is focused on the *claim*—counsel's conduct is irrelevant (although it may bulwark good faith). *Simmons*, 875 F.3d at 635. In addition, reasonable basis inquiries are not static—they evaluate not only what was known at the time the petition was filed, but also take into account what is learned about the evidentiary support for the claim as the matter progresses. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994) (upholding the finding that a reasonable basis for petitioners' claims ceased to exist once they had reviewed their expert's opinion, which consisted entirely of unsupported speculation). As a result, a claim can "lose" reasonable basis over time.

The standard for finding the existence of reasonable basis is lesser (and thus inherently

---

[3] Because this claim's good faith is not in dispute, I do not include a discussion of the standards applicable to that fees prong.

2

easier to satisfy) than the preponderant standard applied when assessing entitlement, as cases that fail can still have sufficient objective grounding for a fees award. *Braun v. Sec'y of Health & Hum. Servs.*, 144 Fed. Cl. 72, 77 (2019). The Court of Federal Claims has affirmed that "[r]easonable basis is a standard that petitioners, at least generally, meet by submitting evidence." *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 287 (Fed. Cl. 2014) (internal quotations omitted) (affirming special master). The factual basis and medical support for the claim is among the evidence that should be considered. *Carter v. Sec'y of Health & Hum. Servs.*, 132 Fed. Cl. 372, 378 (Fed. Cl. 2017). Under the Vaccine Act, special masters have "maximum discretion" in applying the reasonable basis standard. *See, e.g.*, *Silva v. Sec'y of Health & Hum. Servs.*, 108 Fed. Cl. 401, 401–02 (Fed. Cl. 2012).[4]

Petitioner in this case requested dismissal after the filing of Respondent's Rule 4(c) Report. Although Petitioner's claim was ultimately unsuccessful, I find it possessed some objective evidence in the record supporting Petitioner's contention that she experienced PV, with some potential relationship to her prior vaccination. Thus, in light of the exceedingly lenient standard that governs reasonable basis determinations, a final award of fees and costs in this matter is permissible. And because I find no reason otherwise to deny a fees award, I will allow one herein.

## II.     Calculation of Fees

Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis* exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at

---

[4] *See also Chuisano*, 116 Fed. Cl. at 285 (cautioning against rigid rules or criteria for reasonable basis because they would subvert the discretion of special masters and stating that an amorphous definition of reasonable basis is consistent with the Vaccine Act as a whole).

*19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for his attorneys, based on the years work was performed:

|  | **2021** | **2022** | **2023** |
|---|---|---|---|
| **Jessi Huff (Attorney)** | $380.00 | $395.00 | $425.00 |
| **Altom Maglio (Attorney)** | $445.00 | - | - |
| **Elizabeth Abramson (Attorney)** | - | $250.00 | - |

ECF No. 28-2 at 25.

Ms. Huff and the other MCT attorneys participating in this case practice in Sarasota, Florida, and Seattle, Washington—jurisdictions that have been deemed "in forum." Accordingly, they are entitled to the forum rates established in *McCulloch*. *See Mathews v. Sec'y of Health & Hum. Servs.*, No. 21-0684V, 2023 WL 3408231 (Fed. Cl. Spec. Mstr May 12, 2023). The rates requested are also consistent with what has previously been awarded for their time, in accordance with the Office of Special Masters' fee schedule.[5] *Mathews v. Sec'y of Health & Hum. Servs.*, No. 21-0684V, 2023 WL 3408231 (Fed. Cl. Spec. Mstr May 12, 2023). I thus find no cause to reduce their rates in this instance. I award all attorney time devoted to the matter as requested. And I shall also award the requested paralegal time at the provided rates.

### III. Calculation of Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No.10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $8,462.84 in outstanding costs, including the filing fee, postage, shipping, medical record retrieval costs, and costs associated with the work of a single expert, Kyle Amber,

---

[5] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited Oct. 2, 2023).

M.D. ECF No. 32-2 at 2. Dr. Amber was retained by Petitioner as a medical expert in this case before Petitioner had determined that she would no longer pursue the claim (and so presumably offered advice as to the claim's viability that resulted in the decision to voluntarily terminate the matter). *Id.* He billed a total of $7,500.00 for 12.5 hours at a rate of $600.00 per hour, with a retainer fee of $2,400.00. *Id.*

Although the work performed by Dr. Amber appears to have been reasonable overall, as well as the time spent on the matter, I find it necessary to slightly reduce his requested rate, in order to be consistent with recent determinations. *See Prado v. Sec'y of Health & Hum. Servs.*, No. 21-1087V, 2022 WL 2277118, at *3 (Fed. Cl. Spec. Mstr. May 23, 2022) (reducing Dr. Amber's requested hourly rate from $600/hour to $400/hour, but noting I would be amendable to future increases for work performed in subsequent years). Instead, I determine a rate of $500.00 per hour is a more appropriate rate, resulting in a **reduction of $1,250.00**. Again, I will be more amenable to additional increases in future cases.

All other requested costs in this matter appear reasonable, and they shall be awarded in full without reduction.

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT IN PART** Petitioner's Motion for Attorney's Fees and Costs in its entirety and award a total of **$65,863.84** reflecting $58,651.00 in attorney's fees and $7,212.84 in costs in the form of a check made jointly payable to Petitioner and Petitioner's attorneys. Petitioner requests that payment be forwarded to Maglio Christopher & Toale, 1605 Main Street, Suite 710, Sarasota, Florida 34236.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[6]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran<br>
Brian H. Corcoran<br>
Chief Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.